**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICARDO JALIL,** | |
| Plaintiff, | Civil Action No. 13-3914 (ES) |
| v. | OPINION |
| **STATE OF NEW JERSEY, et al.,** | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

In an Opinion and Order dated February 24, 2014, this Court granted Plaintiff Ricardo Jalil's ("Plaintiff") application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to file the Complaint. (D.E. Nos. 3-4).

After reviewing the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court dismissed the Complaint in its entirety for failure to state a claim. (*Id.*). The Court granted Plaintiff leave to file an amended complaint and the Court must now review Plaintiff's Amended Complaint, (D.E. No. 5), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Amended Complaint should be dismissed in its entirety.

## I. BACKGROUND

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against Defendants Paul Salvatoriello, Debra Conrad, Robert Schwartz, Nicholas L. Olenick, Michael R. Ascher, Ruben Contreras, and Thomas A. Cataldo.[1] The following factual allegations are taken from the Amended Complaint and are accepted for purposes of this screening only. The Court makes no findings as to the veracity of Plaintiff's allegations.

On November 19, 2009, Plaintiff alleges that Defendant Contreras, an "undercover investigator," came to his home looking for his wife. (D.E. No. 5 ("Am. Compl.") at 2). Plaintiff's wife was not home at the time, so later that day, Plaintiff and his wife went down to the Attorney General's office. (*Id.*). Defendant Contreras interrogated Plaintiff's wife and she was subsequently arrested. (*Id.* at 3). On November 24, 2009, Plaintiff states that he retained Defendant Ascher to represent his wife in the criminal proceedings, but Ascher never filed any "challenged [sic], motions or objections" on her behalf.[2] (*Id.*).

---

[1] To the extent Plaintiff references other individuals in his Amended Complaint, the Court is unable to discern any possible claims he intended to raise against said individuals.

[2] Plaintiff states that he wishes to add his wife as a plaintiff in this matter, but Plaintiff's wife has not signed the Amended Complaint, nor has she submitted an application to proceed *in forma pauperis*. Federal Rule of Civil Procedure 11(a) provides that every pleading "must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The Court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* In addition, where multiple plaintiffs seek to proceed *in forma pauperis*, all plaintiffs must establish their inability to pay the filing fee. *See, e.g.*, *Anderson v. State of California*, No. 10-2216, 2010 WL 4316996 (S.D. Cal. Oct. 27, 2010); *Darden v. Indymac Bancorp, Inc.*, No. 09-2970, 2009 WL 5206637 (E.D. Cal. Dec. 23, 2009). Therefore, all claims purportedly brought on behalf of Plaintiff's wife, Ms. Jalil—which include all claims against Defendants Contreras and Ascher—must be dismissed without prejudice. If Ms. Jalil seeks to assert claims in this action, the parties must submit a second amended complaint with all parties' signatures and, furthermore, Ms. Jalil must submit a complete application to proceed *in forma pauperis*.

Plaintiff alleges that, on April 28, 2010, Defendant Olenick came to his house and "delivery [sic] the summon [sic] complaint," charging Plaintiff with conspiring to file false information with the Division of Motor Vehicles. (*Id.* at 6). On November 15, 2011, Defendant Salvatoriello allegedly presented Plaintiff's case to a Morris County Grand Jury, wherein he left out relevant information to the case. (*See id.* at 4). Specifically, Plaintiff alleges that the involvement of an individual named Lorena Escoba Uruana was omitted. (*Id.*). On May 7, 2010, Plaintiff alleges that he retained Defendant Cataldo to represent him. (*Id.* at 7). Plaintiff alleges that Defendant Cataldo failed to file any motions or opposition on Plaintiff's behalf. (*Id.*) Plaintiff further alleges that Defendant Conrad and Defendant Schwartz (who appears to be an appointed attorney) committed "entrapment" because "Mr. Schwartz was all the way 'instigated' plea guilty, plea guilty that was the only defense he did." (*Id.*). Plaintiff states that he "trust[ed] and believed what Mr. Schwartz told [him]," which was the reason he pled guilty. (*Id.* at 10). Plaintiff maintains that he "never committed any 'crime.'" (*Id.*). And, as discussed below, Plaintiff asserts several causes of actions.

## II. DISCUSSION

### A. Legal Standards

#### 1. Standard for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may

3

be granted, or seeks monetary relief from a defendant who is immune from such relief. Accordingly, this action is subject to *sua sponte* screening under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[3], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**2.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### B. Analysis

Because the allegations are not entirely clear to this Court, the Court construes the Amended Complaint to state the following claims: (1) false arrest and imprisonment against Detective Olenick; (2) malicious prosecution against Mr. Salvatoriello; (3) ineffective assistance of counsel against Mr. Cataldo and Mr. Schwartz; (4) conspiracy against Mr. Schwartz and Ms. Conrad; (5) retaliation against all Defendants; (6) intentional infliction of emotional distress; and (7) violation of N.J.S.A. 2C:28-7A(2); 5-2(A)(1).[4]

**1. False Arrest/Imprisonment**

Plaintiff's claim for false arrest and imprisonment appears to stem from the allegation that, on April 28, 2010, Defendant Olenick delivered a summons and complaint to Plaintiff. But it does not appear that Plaintiff was arrested at that time, or at any other time, by Defendant Olenick. (Am. Compl. at 8).

---

[4] In the "Relief" section of his Amended Complaint, Plaintiff references possible failure to train and/or supervise claims. (Am. Compl. at 12-15). But he fails to allege any facts in support of these claims. Rather, Plaintiff only states—in a conclusory manner—that Defendants failed properly train and supervise their employees. (*See id.*). Plaintiff has failed to allege "sufficient factual matter" to show that these claims are facially plausible and, therefore, these claims will be dismissed without prejudice. *See Iqbal*, 556 U.S. at 678.

To the extent Plaintiff was in fact arrested by Defendant Olenick on that date, any claim for false arrest or imprisonment would be time-barred. Federal courts look to state law to determine the limitations period for Section 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations . . . ."). "A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)).

In New Jersey, Section 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. *See id.* at 185 ("New Jersey, as the parties agree, is the applicable state here; it mandates a two-year statute of limitations period for personal-injury torts. Thus, a section 1983 claim arising in New Jersey has a two-year statute of limitations.") (citation omitted). *See also* N.J. Stat. Ann. § 2A:14–2. Under federal law, a Section 1983 cause of action accrues when the allegedly wrongful act occurred. *See Wallace*, 549 U.S. at 388 ("[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.") (internal citations and alterations omitted). The statute of limitations is an affirmative defense that the defendants generally must plead and prove. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (holding that the statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint show that relief is barred by the applicable statute

of limitations, the complaint is subject to dismissal for failure to state a claim. *Jones*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense.") (citation omitted).

Here, according to Plaintiff's Amended Complaint, the alleged false arrest and imprisonment occurred on April 28, 2010. The Supreme Court has held that the statute of limitations for a claim of false arrest or false imprisonment begins to run "at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Therefore, Plaintiff's false arrest/imprisonment claims accrued and began to run on April 28, 2010—and applicable two-year statute of limitations expired in April 2012. Even if the Court were to give Plaintiff the benefit of the June 24, 2013 filing date of his original complaint, these claims would nevertheless be time-barred, unless tolling applies.

To that extent, "[s]tate law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled." *Dique*, 603 F.3d at 185 (citing *Wilson v. Garcia*, 471 U.S. 261, 269 (1985), *superseded by statute on other grounds*, 28 U.S.C. § 1658(a)). New Jersey statutes set forth certain bases for "statutory tolling." *See, e.g.*, N.J. STAT. ANN. § 2A:14–21 (detailing tolling because of minority or insanity); N.J. STAT. ANN. § 2A 14–22 (detailing tolling because of non-residency of persons liable). Here, as pled, Plaintiff's Amended Complaint does not allege any basis for statutory tolling.

New Jersey law also permits "equitable tolling" where: "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass"; a plaintiff has

"in some extraordinary way" been prevented from asserting his rights; or a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *See Freeman v. State*, 788 A.2d 867, 879-80 (N.J. Super. Ct. App. Div. 2002) (citations omitted). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.*

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *Id.* at 370 n.9.

Here, Plaintiff fails to articulate any basis for equitable tolling. It is apparent from the face of the Amended Complaint that Plaintiff's false arrest/imprisonment claims are time-barred and this Court will dismiss those claims without prejudice. *See Paluch v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 690, 694 n.2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.").

### 2. Malicious Prosecution

Based on the allegations contained in the Amended Complaint, it appears that Plaintiff is raising a claim of malicious prosecution against Defendant Savatoriello based on his presentation of only certain evidence to the grand jury.

To prove malicious prosecution under Section 1983 a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). "However, if the prosecutor drops the charges as part of a compromise with the accused, the accused will fail the favorable termination prong necessary to maintain a malicious prosecution claim under § 1983." *Taylor v. Winters*, 115 F. App'x 549, 552 (3d Cir. 2004); *see also Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002). Here, Plaintiff specifically alleges that he pled guilty. (Am. Compl. at 9). As such, he cannot meet the "favorable termination" element of any malicious prosecution claim.

Moreover, to the extent that Plaintiff claims that Mr. Savatoriello violated his rights under Section 1983 by pursuing his indictment and prosecution, with knowledge of his innocence, and presenting false testimony and fabricated evidence, these claims will be dismissed with prejudice. A prosecutor is absolutely immune from damages under Section 1983 for acts that are "intimately associated with the judicial phase of the criminal process," including initiation of a prosecution and use of false testimony. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Burns v. Reed*, 500 U.S. 478, 489 (1991); *Schrob v. Catterson*, 948 F.2d 1402, 1417 (3d Cir. 1991); *see also Rehberg*

*v. Paulk*, 132 S. Ct. 1497, 1504 (2012); *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-43 (2009); *Hartman v. Moore*, 547 U.S. 250, 262, n. 8 (2006); *Moore v. Middlesex Cnty. Prosecutors Office*, 503 F. App'x 108 (3d Cir. 2012).

### 3. Claims Against Counsel

Plaintiff alleges that both Mr. Cataldo and Mr. Schwartz provided ineffective assistance of counsel. Specifically, Plaintiff alleges that he paid Mr. Cataldo $3,500, but Mr. Cataldo failed to file any motions or mount any defense on behalf of Plaintiff. (Am. Compl. at 7). Plaintiff further alleges that Mr. Schwartz, an appointed public defender, failed to take any action to advocate on Plaintiff's behalf, but instead committed "entrapment" with the prosecutor, Ms. Conrad, by "instigating" a guilty plea. (*Id.*)

State action, a necessary element of a Section 1983 action, is lacking as to the claim against Mr. Cataldo. He is a private party, not a state actor. As such, he is not a proper defendant in a Section 1983 action. *See Love v. Law Office of Roberts*, No. 11-4500, 2011 WL 4916196, at *2 (D.N.J. Oct.17, 2011) ("As a private attorney, Defendant Roberts is not a state actor for purposes of § 1983") (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). The Section 1983 claims against Mr. Schwartz also fail because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to defendant in a criminal proceeding." *See Polk Cnty.*, 454 U.S. at 325; *Chambers v. Hughes*, 532 F. App'x 86, 87 (3d Cir. 2013); *Murphy v. Bloom*, 443 F.App'x 668, 670 (3d Cir. 2011). Therefore, the allegations against these defendants fail to state a Section 1983 claim as a matter of law.

With regard to Plaintiff's allegations that Defendant Schwartz and Conrad committed "entrapment" by "instigating" a guilty plea, the Court notes that while a public defender who conspires with the judge and the prosecutor to secure her client's conviction is acting under color

of state law, *see Tower v. Glover*, 467 U.S. 914, 920 (1984), "a bare assertion of conspiracy will not suffice" and, without more, "a conclusory allegation of agreement at some unidentified point does not supply facts" adequate to state a conspiracy claim under Section 1983, *Twombly*, 550 U.S. at 556. As the Supreme Court explained, "terms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation-for example, identifying a written agreement or even a basis for inferring a tacit agreement, . . . but a court is not required to accept such terms as a sufficient basis for a complaint." *Id.* at 557.

In this case, Plaintiff's Amended Complaint sets forth no facts to support his conclusion that Defendants Schwartz and Conrad "committed entrapment." Rather, the facts as alleged show that Defendant Schwartz and Prosecutor Conrad engaged in standard plea bargaining and Mr. Schwartz merely presented Plaintiff's options to him regarding the possibility of pleading guilty or going to trial. (*See* Am. Compl. at 7-10). Due to issues in his personal life, Plaintiff may have felt as though he was forced to plead guilty, however, that was in no way caused by a conspiracy between counsel and the prosecutor based on Plaintiff's allegations.

All claims against Defendants Cataldi, Schwartz and Conrad will therefore be dismissed without prejudice.

### 4. Retaliation

In the brief filed in support of his Amended Complaint, Plaintiff alleges that he was incarcerated by Defendants "in retaliation for having filed an 'inquiry' against 'DAG' Salvatoriello on January 30, 2012." (D.E. No. 6 ("Br. Supp. Am. Compl.") at 8).

To the extent Plaintiff raises this claim against any prosecutor defendants, as discussed above, they are absolutely immune given Plaintiff's allegations. With regard to any other defendant, Plaintiff has failed to allege that his incarceration was in any way related to the

11

complaint filed against Defendant Salvatoriello.  *See Hartman*, 547 U.S. at 260-61 ("Like any other plaintiff charging official retaliatory action, the plaintiff in a retaliatory-prosecution claim must prove the elements of retaliatory animus as the cause of injury, and the defendant will have the same opportunity to respond to a prima facie case by showing that the action would have been taken anyway, independently of any retaliatory animus.").  Specifically, when Plaintiff filed his "inquiry" against Defendant Salvatoriello, his criminal prosecution was already underway; he was arrested in 2010 and indicted by the grand jury in 2011.  Since Plaintiff did not file the inquiry (the alleged reason for his "retaliatory" incarceration) until well *after* he was already being prosecuted, Plaintiff has failed to allege sufficient facts to allow his claim for retaliatory prosecution to proceed.  *Id.*

### 5. Supplemental Jurisdiction

The remaining claims in the Amended Complaint are state law claims.  Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  Indeed, the Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citation omitted).  As no such extraordinary circumstances appear to be present, this Court will dismiss all state law claims.

### III.   CONCLUSION

For the reasons stated above, the Amended Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The claims against Defendant Savatoriello will be dismissed with prejudice and all other claims against the remaining defendants are dismissed without prejudice. Because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file a second amended complaint.[5] An appropriate order accompanies this Opinion.

                                        *s/Esther Salas*              **Esther Salas, U.S.D.J.**

---

[5] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*