UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICARDO JALIL, | |
| Plaintiff, | Civil Action No. 13-3914 (ES) |
| v. | MEMORANDUM OPINION |
| STATE OF NJ, et al., | |
| Defendants. | |

IT APPEARING THAT:

1. In an Opinion and Order dated February 24, 2014, this Court granted Plaintiff Ricardo Jalil's ("Plaintiff") application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to file the Complaint. (D.E. Nos. 3, 4).

2. After reviewing the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court dismissed the Complaint in its entirety for failure to state a claim. (*Id.*). The Court granted Plaintiff leave to file an amended complaint, which he did. (D.E. No. 5).

3. The Court screened his Amended Complaint and determined that he again failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the Court dismissed the Amended Complaint in its entirety. (D.E. Nos. 11, 12). The Court granted Plaintiff leave to file a second amended complaint. (*Id.*). After the Court granted an extension of time (D.E. No. 16), Plaintiff filed his Second Amended Complaint (D.E. No. 17-1, Second

Amended Complaint ("SAC")), which the Court must now screen pursuant to 28 U.S.C. § 1915(e)(2)(B).

4. In his SAC, Plaintiff alleges that Deputy Attorney General Paul Salvatoriello "obstructed justice" when he "removed from this case to the principal person Lorena Escobar Uruana . . . and her charges [were] done to me and my wife Martha." (SAC at 1). Plaintiff alleges that Salvatoriello "iniciated [sic] the indictment" against him in 2013. (*Id.* at 2). He argues that the statute of limitations in this matter has not run because he filed his original Complaint also in 2013. (*Id.*).

5. Plaintiff further alleges that Defendants Conrad, Salvatoriello, Contreras and Olenick "committed a fraud" because they never responded to his Complaint. (*Id.*). He alleges that Defendant Ascher, a private attorney, failed to properly represent his wife in her criminal matter. (*Id.*). He further alleges that Defendant Cataldo, also a private attorney, never took any action on Plaintiff's behalf, despite Plaintiff having paid him to do so. (*Id.*). He argues that Defendant Schwartz, a public defender, took no action for him other than to "instigat[e]" a guilty plea. (*Id.* at 2-3). Finally, he argues that Deputy Attorney General Conrad "manipulated all attorney[s] and judges who are mentioned in this matter." (*Id.*).

6. Most of Plaintiff's claims appear to be a re-hashing of the arguments and claims he previously raised, which have already been rejected by this Court. To the extent Plaintiff argues that the Defendants committed a "fraud" on this Court by failing to respond to Plaintiff's previous complaints, the Court notes that they were under no obligation to do so because the Court had not ordered that any of the claims would proceed under 28 U.S.C. § 1915(e)(2).

7. It appears that Plaintiff believes that this Court previously dismissed his malicious prosecution claimed because it was time barred. (*See* SAC at 1-2). However, the Court did *not*

2

dismiss the malicious prosecution claim as untimely; rather that claim was dismissed because Plaintiff cannot satisfy the favorable termination prong and prosecutors are absolutely immune for actions that are intimately associated with the judicial phase of the criminal process. (*See* D.E. No. 11).

8. With regard to his claims against attorneys Cataldo, Schwartz and Ascher, Plaintiff has again just re-stated his same issues. As the Court previously informed him, Defendants Cataldo and Schwartz are not state actors and Plaintiff is not permitted to raise claims against Defendant Ascher on behalf of his wife. (*Id.* at 10) (internal citations omitted).

9. Finally, Plaintiff generally alleges that Defendant Conrad was the "worst" because she "manipulated all attorney[s] and judges who are mentioned in this matter." (SAC 3). He does not provide any further information. Certainly, this limited factual allegation is insufficient to state a claim under *Iqbal*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10. Because Plaintiff has failed to sufficiently address any of the deficiencies identified in this Court's July 18, 2016 Opinion dismissing his Amended Complaint, the Court will dismiss the Second Amended Complaint in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

11. The Court further finds that granting leave to file a third amended complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (opportunity to amend not required if it would be futile). Plaintiff has had three opportunities to sufficiently state his claims and has been unable to do so. Based on the facts and circumstances of this case, as well as the allegations previously provided by Plaintiff, the Court finds that granting leave to amend for the third time would be futile. *Id.*

12. An appropriate Order accompanies this Memorandum Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**